## [No. 2667.]

## N. HUDDLESTON *v.* THE STATE.

1. PLEA.—A plea is a prerequisite to the validity of a conviction. Without a plea there is no issue for trial, and can be no valid conviction.

2. SAME—PRACTICE IN COURT OF APPEALS.—The State moves to dismiss the appeal because the judgment fails to show the plea of the defendant, and therefore is not a final judgment. Nothing in the record shows that a plea was entered by or for the defendant in the trial court. *Held*, that in this state of case a dismissal of the appeal would be futile, wherefore the motion to dismiss is overruled, and the cause is reversed and remanded for a new trial.

APPEAL from the District Court of Bexar. Tried below before the Hon. G. H. Noonan.

The conviction was for cattle theft, and a term of two years in the penitentiary was the punishment assessed.

*G. W. A. Brantly, T. T. Teel,* and *Walton & Hill,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State, moved to dismiss the appeal.

WHITE, PRESIDING JUDGE.   A motion is made by the Assistant Attorney General to dismiss this appeal, for want of a final judgment, the judgment, as shown by the record, failing to recite the plea of the defendant, which is one of the requisites of a final judgment prescribed by Article 791, Code of Criminal Procedure.   There being no plea shown by the record, what would be the effect of a judgment here granting this motion? Simply to send the case back to the lower court that the error might be corrected, if that were possible, by an appropriate entry of the fact *nunc pro tunc.*

But no such plea ever having been entered and recorded in the minutes, as is also required by law (Code Crim. Proc., Arts. 517, 603), what data would the court below have upon which to base the order *nunc pro tunc,* and could the fact be established by evidence *aliunde.*   (*Vestal* v. *The State,* 3 Texas Ct. App., 648).   If no plea had in fact ever been entered, then one could not be entered *nunc pro tunc* so as to bind the defendant by a judgment previously rendered upon a trial and conviction without such plea.   The plea is a prerequisite to the validity of a judgment of conviction.   Without it is entered at the proper time, before trial, there is no issue for trial, and a trial without an issue is also a nullity.   The whole trial being then a nullity, the motion to dismiss cannot operate to amend and cure the defect, which can only be cured by another trial, in which the requisites to a valid legal trial and conviction are complied with.

The motion to dismiss is overruled, and for want of a plea the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Opinion delivered April 21, 1883.